## Halperin v. Halperin

*Clayton T. Hyman, Coleman & Hyman,* for plaintiffs.

*Howard Yarus* and *Martin H. Philip,* for defendants.

WIEAND, J., April 23, 1968.—In this action of assumpsit, plaintiffs seek to recover the sum of $62,000 allegedly loaned to Bernard Halperin during his lifetime. The first count of the complaint asserts the claim of the alleged lenders against the estate of the deceased debtor. The second count contains averments that the alleged debtor, during his lifetime and pursuant to agreement, transferred to Halperin Products, Inc., a corporation, all of the assets and liabilities of the unincorporated business of which he had previously been the sole proprietor. Pursuant thereto, it is alleged, Halsen Products, Inc., assumed and is now legally responsible to repay the loans made by plaintiffs to Bernard Halperin. Answers have been filed, and the case is at issue.

With the case in this posture, the executrix of the Estate of Bernard Halperin, deceased, has filed a petition requesting that the claim against her decedent be severed and tried separately from the claim made by

624

plaintiffs against the corporate defendant. The reason advanced for this request is that the Act of May 23, 1887, P. L. 158, sec. 5(e), 28 PS §322, will be applicable to the attempted proof of the former claim but not to the proof of the latter. Under the "Dead Man's Rule", certain witnesses competent to testify against the corporate defendant will, in all probability, be incompetent to testify against decedent's estate. A review of the pleadings reveals that plaintiffs themselves will most likely fall into this category.

If the two claims are tried together, the jury will have to be instructed that such testimony may be received in support of one claim but not in support of the other. Although plaintiffs can testify to establish their claim against the corporation, the members of the jury will have to be instructed that they must reject such testimony and eliminate it from their minds when they consider plaintiffs' claim against the estate. In theory it may be possible for the jury to follow such instructions, but in reality it is impractical to expect that it can or will. Having heard the testimony of such witnesses in support of the claim against one defendant, it will be impossible for the jury to avoid being influenced by it in deciding the claim against the other defendant.

Because of this practical difficulty and because, in reality, prejudice may and probably will result if separate trials are not held, we believe that the motion for severance should be granted.

ORDER

And now, April 23, 1968, it is ordered that plaintiffs' claim against Esther Halperin, Executrix of the Estate of Bernard Halperin, deceased, and the claim against Halperin Products, Inc., be and the same are hereby severed, and it is ordered that said claims be tried separately.